OPINION
On May 28, 1991, appellant was convicted of Domestic Violence following a bench trial in the Licking County Common Pleas Court. He was sentenced to a term of incarceration of five to fifteen years.
On August 28, 1997, appellant filed an application requesting the court to dismiss his indictment pursuant to R.C. 2945.71(E). Appellant claimed that he was not timely brought to trial, as required by the statute. The court overruled the motion to dismiss, finding that it was untimely.
Appellant filed a Notice of Appeal. Counsel was appointed. Counsel filed a brief, and a motion to withdraw pursuant to Andersvs. California (1967), 386 U.S. 738. Counsel for appellant notified the court that having reviewed the record, he concluded that the matters presented no meritorious issues for appeal. He also notified the court that both the motion to withdraw and the brief had been served on appellant as required by law.
Appellant did not file a pro se brief on his own behalf. We hereby grant counsel's motion to withdraw, and address the Assignments of Error raised by counsel in his Anders brief.
Counsel assigns two errors:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S APPLICATION TO SET ASIDE HIS INDICTMENT FOR VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL.
 II. THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BY COUNSEL'S FAILURE TO ASSERT THE DEFENDANT'S RIGHT TO A SPEEDY TRIAL IN A TIMELY MANNER.
 I.
The trial court did not err in denying appellant's motion to set aside his indictment. R.C. 2945.73(B) provides that upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by Sections 2945.71 and 2945.72. Appellant's motion to dismiss the indictment, filed six years following conviction, was clearly not timely. A motion to dismiss is not a proper procedural vehicle to challenge a final judgment of conviction and sentence. Absent a Petition for Post-conviction Relief or a Delayed Appeal, the speedy trial is res judicata.
The first Assignment of Error is overruled.
 II.
Appellant argues that counsel was ineffective for failing to raise the issue of speedy trial. Again, this issue cannot be raised by a motion to dismiss the indictment filed six years after conviction.
The second Assignment of Error is overruled.
We viewed the record, and find no reversible error. The judgment of the Licking County Common Pleas Court is affirmed.
By: Reader, J., Hoffman, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Common Pleas Court is affirmed. Costs to appellant.